UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

CREATIVE PHOTOGRAPHERS, INC,

                Plaintiff,

    -against-

MP 36 West 10TH STREET, LLC and,
BAEBLE MEDIA, LLC,

              Defendants.

Case No: 1:19-cv-06145 (VEC)

**DEFENDANT BAEBLE MEDIA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Nancy E. Wolff
Scott J. Sholder
Lindsay R. Edelstein
COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
ssholder@cdas.com
ledelstein@cdas.com

*Attorneys for Defendant Baeble Media, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT ..............................................................................................................................4

    I.      PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT BAEBLE IS CONTRIBUTORILY OR VICARIOUSLY LIABLE FOR THE UNIDENTIFIED ACTS OF UNIDENTIFIED THIRD PARTIES...................5

    II.     THE COMPLAINT FAILS TO STATE A SECTION 1202 CLAIM ..............8

CONCLUSION...........................................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agence Fr. Presse v. Morel*,
    934 F. Supp. 2d 547 (S.D.N.Y. 2013)....................................................................................6, 7

*Arista Records LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)....................................................................................................5

*Artists Music, Inc. v. Reed Pub. (USA), Inc.*,
    No. 73163, 1994 WL 191643 (S.D.N.Y. May 17, 1994)........................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................1, 4, 7

*ATSI Commc'ns, Inc. v. Shaar Fund. Ltd.*,
    493 F.3d 87 (2d Cir. 2007)......................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................1, 4

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
    No. 02–cv–1164 (RWS), 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003)....................................6

*Cleveland v. Caplaw Enters.*,
    448 F.3d 518 (2d Cir. 2006)....................................................................................................4

*Demetriades v. Kaufmann*,
    690 F. Supp. 289 (S.D.N.Y. 1988)..........................................................................................5

*Fischer v. Forrest*,
    No. 14CIV1304PAEAJP, 2017 WL 2992663 (S.D.N.Y. July 14, 2017)................................9

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
    443 F.2d 1159 (2d Cir. 1971)..................................................................................................5

*Lefkowitz v. John Wiley & Sons, Inc.*,
    No. 13 CIV. 6414 (KPF), 2014 WL 2619815 (S.D.N.Y. June 2, 2014)..................................6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    27 F. Supp. 3d 447 (S.D.N.Y. 2014)......................................................................................8

*New London Assocs., LLC v. Kinetic Soc. LLC*,
    384 F. Supp. 3d 392 (S.D.N.Y. 2019)....................................................................................7

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories*,
   No. 07 CIV 6959 DAB, 2010 WL 4968072 (S.D.N.Y. Dec. 6, 2010) ....................................7

*Quiroga v. Fall River Music, Inc.*,
   No. 93 CIV. 3914 (RPP), 1998 WL 851574 (S.D.N.Y. Dec. 7, 1998)....................................5

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ..............................................................................................10

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002)...............................................................................................................2

*TechnoMarine SA v. Jacob Time, Inc.*,
   No. 12 CIV. 0790 KBF, 2012 WL 2497276 (S.D.N.Y. June 22, 2012)...................................8

*United States v. Post*,
   997 F. Supp. 2d 602 (S.D. Tex. 2014) ..................................................................................9

*Vcom Int'l Multi-Media Corp. v. Gluck*,
   No. CV 14-3398, 2017 WL 1137442 (D.N.J. Mar. 27, 2017)..................................................9

*VoiceAge Corp. v. RealNetworks, Inc.*,
   926 F. Supp. 2d 524 (S.D.N.Y. 2013)...................................................................................4

*Warren v. John Wiley & Sons, Inc.*,
   952 F. Supp. 2d 610 (S.D.N.Y. 2013)...................................................................................7

*Wolk v. Kodak Imaging Network, Inc.*,
   840 F. Supp. 2d 724 (S.D.N.Y. 2012)...................................................................................5

**Rules & Statutes**

17 U.S.C. § 1202 (b) ........................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6)...........................................................................................4, 7

Fed. R. Civ. P. 12(c) ..............................................................................................1, 4

Defendant Baeble Media, LLC ("Baeble") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings with respect to plaintiff Creative Photographers, Inc.'s ("Plaintiff") claims for contributory copyright infringement (Count II), vicarious copyright infringement (Count III), and removal, alteration, or falsification of "copyright management information" ("CMI") in violation of § 1202 of the Copyright Act (Count IV), as asserted against defendant Baeble in Plaintiff's Complaint, dated July 1, 2019 (Dkt. No. 1) (the "Complaint" or "Cplt.").

## PRELIMINARY STATEMENT

This case presents a classic example of a copyright infringement plaintiff's ill-thought-out attempt to pad the Complaint with unsupported causes of action in order to extract a disproportionate settlement amount from a small website, all at the cost of this Court's valuable resources. The facts are simple: Plaintiff, the purported exclusive licensee of two photographic images of singer Christina Aguilera, alleges that Baeble committed direct copyright infringement (Count I) by using the photographs on its website. To inflate its claims, complicate the issues, and deflect from Baeble's fair use defense, Plaintiff tacks on three superfluous causes of action (Counts II through IV) that are meritless and unsupportable.

*First*, Count II (alleging contributory copyright infringement) and Count III (alleging vicarious copyright infringement) should be dismissed on the face of the pleadings because Plaintiff has not alleged any facts – let alone ones with the specificity required by *Iqbal* and *Twombly* – to support a plausible claim with respect to either Count. While the Complaint alleges that Baeble used the images on its own website, it is utterly devoid of any specific facts explaining how Baeble contributed to, or could be secondarily liable for, the infringing conduct of another

1

entity.  The Complaint does not even identify any alleged third-party infringement to which Baeble supposedly contributed, from which it could have profited, or which it allegedly controlled. Instead, the Complaint merely parrots elements of these claims, nakedly asserting that Baeble "induced, caused, materially contributed to," or had "the ability to supervise," some alleged infringements, while providing no facts in support of those legal conclusions.  Because that is plainly insufficient, Counts II and III should be dismissed.

*Second*, Plaintiff's claim that Baeble removed CMI in violation of § 1202 of the Copyright Act is implausible and insufficiently pleaded.  In support of its claim, Plaintiff annexes a printout from a third-party website which purports to show metadata that was associated with the images as they were originally displayed by Plaintiff, but fails to explain where, when, or in what manner the images and/or the associated CMI was originally displayed by Plaintiff.  Plaintiff also fails to allege that the purported removal of such metadata would hinder its ability to police infringements, or that Baeble had the requisite knowledge or intent required to impute liability under § 1202.

While the Court has instructed that Baeble's fair use defense can be addressed at a later stage, the Court can, and should, significantly streamline this case by granting Baeble's instant motion to dismiss Counts II through IV of Plaintiff's Complaint, thereby obviating the need for a summary judgment motion on these same topics.

## STATEMENT OF FACTS

Accepting as true for purposes of this motion all factual allegations contained in the Amended Complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002), the relevant facts are as follows:

Plaintiff is a New York corporation that licenses photographic images created by others, is "the exclusive licensee" for two photographic images of singer Christina Aguilera at issue in this

lawsuit (the "Aguilera Photos"), and is responsible for "the exclusive administration, publication and enforcement of the copyrights in and to" the Aguilera Photos.  Cplt. ¶¶ 3, 13.  Plaintiff alleges that Baeble "located the [Aguilera Photos] on the internet" and then used them without authorization in an article on its website located at the URL www.baeblemusic.com (the "Baeble Website") entitled "WTF WEEKLY: Someone Bit Beyonce, Christina Aguilera Undergoes Transformation + MORE" (the "Baeble Article").  *Id.* ¶¶ 17, 19.  The Baeble Article detailed the author's reaction to the Aguilera Photos, wherein Aguilera was stripped of her signature glamorous look, appearing bare-faced in the close-up photograph; the text appearing adjacent to the Aguilera Photos in the Baeble Article makes clear that the article is *about* the Aguilera Photos themselves.  *Id.* at ¶ 18, Ex. C (Dkt. No. 1-3) at 6 ("My mom texted me this photo with absolutely no context and asked me to guess who it was . . . I genuinely could not figure it out . . . I ended up staring at this picture for a solid ten minutes until I finally realized . . . [r]ecently for *Paper Magazine*, Xtina decided to strip things back.").

Plaintiff further alleges that Plaintiff had "included copyright management information in the form of metadata in his display of the Copyrighted Work, as demonstrated in Exhibit D attached hereto."  *Id.* ¶ 54.  Plaintiff, however, never states when, where, or how it first displayed the Aguilera Photos, which type of CMI was actually included in the original "display" of the Aguilera Photos by Plaintiff, which CMI Baeble allegedly removed, or how that CMI was allegedly removed.   Indeed, Exhibit D is a printout from the program CPi Syndication, a photography licensing agency, that has no alleged connection with this matter.  *Id.* ¶ 54, Ex. D.

Plaintiff filed the instant lawsuit on July 1, 2019 against MP 36 West 10th Street, LLC, a non-operational real estate holding company with no connection to this litigation, and Baeble.[1]

---

[1] On October 22, 2019, Plaintiff voluntarily dismissed MP 36 from the lawsuit. Dkt. 30.

Plaintiff has brought the following four counts against Baeble: (I) Direct Copyright Infringement; (II) Contributory Copyright Infringement; (III) Vicarious Copyright Infringement; and (IV) Violation of § 1202 of the Digital Millennium Copyright Act ("DMCA").

## ARGUMENT

A motion for judgment on the pleadings pursuant to Rule 12(c) is an "underutilized tool for litigants whose claims," like those at issue here, "are amenable to immediate resolution." *VoiceAge Corp. v. RealNetworks, Inc.*, 926 F. Supp. 2d 524, 525 (S.D.N.Y. 2013). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests[,]" *ATSI Commc'ns, Inc. v. Shaar Fund. Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a Rule 12(b)(6) motion to dismiss, while a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *ATSI Commc'ns*, 493 F.3d at 98, that tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

## I.  PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT BAEBLE IS CONTRIBUTORILY OR VICARIOUSLY LIABLE FOR THE UNIDENTIFIED ACTS OF UNIDENTIFIED THIRD PARTIES

Claims for contributory infringement and vicarious infringement are reserved for cases where the defendant(s) "have not themselves engaged" in the alleged infringing activity.  *See*, *e.g.*, *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 749–50 (S.D.N.Y. 2012) (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984)), *aff'd sub nom. Wolk v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014).  While Baeble does not concede that it engaged in direct copyright infringement, the Complaint is woefully insufficient to place this case in the realm of secondary infringement.

Though contributory and vicarious infringement both flow from the general premise that a defendant may, in certain cases, "be secondarily liable for another's infringement," *id.* at 750, they each have distinct required elements.  To state a claim for contributory infringement, the plaintiff must allege sufficient facts demonstrating that the defendant "induce[d], cause[d] or materially contribute[d] to the infringing conduct of another . . . ."  *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).  The defendant's participation in the third party's infringement must be "substantial," *Demetriades v. Kaufmann*, 690 F. Supp. 289, 294 (S.D.N.Y. 1988), and "[a] mere allegation that the defendant provided the third party with the opportunity to engage in wrongful conduct" is insufficient to survive a motion to dismiss.  *Quiroga v. Fall River Music, Inc.*, No. 93 CIV. 3914 (RPP), 1998 WL 851574, at *37 (S.D.N.Y. Dec. 7, 1998).  And, even if the above elements are satisfied, the plaintiff must also allege sufficient facts supporting the plausible inference that the defendant "kn[ew] or ha[d] reason to know" of the third party's infringement. *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117–18 (2d Cir. 2010) (citation omitted).

To state a claim for vicarious copyright infringement, a plaintiff must plead facts showing that the defendant has "(1) the right and ability to control or supervise the infringing activity and (2) a direct financial interest in the exploitation of the copyrighted materials." *Agence Fr. Presse v. Morel*, 934 F. Supp. 2d 547, 574 (S.D.N.Y. 2013), *superseded in part on other grounds*, 934 F. Supp. 2d 584 (S.D.N.Y. 2013).  "The mere fact that the [defendant] could have policed [the infringer] . . . is insufficient . . . ." *Artists Music, Inc. v. Reed Pub. (USA), Inc.*, No. 73163, 1994 WL 191643, at *6 (S.D.N.Y. May 17, 1994).

Here, the Complaint alleges no facts in support of either theory of secondary liability.  As a threshold matter, the Complaint's allegations that Baeble used Plaintiff's images on its own website only goes to a theory of direct infringement.  The Complaint makes no attempt to identify any third-party infringers or infringements, much less ones that could form the basis for secondary liability as to Baeble.  This shortcoming alone requires dismissal of the contributory and vicarious infringement claims.  *See*, *e.g.*, *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13 CIV. 6414 (KPF), 2014 WL 2619815, at *11 (S.D.N.Y. June 2, 2014) (dismissing secondary claims where complaint failed to sufficiently identify third party for whom defendant could be secondarily liable).  Even if the Complaint did identify any third-party infringers, it still would not state a claim for contributory or vicarious infringement.

*First*, as to contributory infringement, Plaintiff fails to even attempt to allege that Baeble "knew of, and substantially participated in, the alleged direct infringement." *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02–cv–1164 (RWS), 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003).  Instead, it merely offers the legal conclusion that "Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct . . . ." Cplt. ¶ 36.  But that is precisely the type of

"threadbare recital[] of the elements of a cause of action" that is insufficient to state a claim, *Iqbal*, 556 U.S. at 678, and courts in this district routinely dismiss contributory infringement claims on that basis. *See*, *e.g.*, *New London Assocs., LLC v. Kinetic Soc. LLC*, 384 F. Supp. 3d 392, 410 (S.D.N.Y. 2019) (dismissing contributory infringement claim where complaint "made no factual allegations to support an inference that [defendant] had any involvement at all in [third party's] infringement"); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619-20 (S.D.N.Y. 2013) ("conclusory allegation" that defendant "personally participated in [third party's] infringements and had knowledge, information and control over such infringements" was insufficient to withstand Rule 12(b)(6) motion to dismiss); *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07 CIV 6959 DAB, 2010 WL 4968072, at *2 (S.D.N.Y. Dec. 6, 2010) (dismissing complaint where it provided "only a 'formulaic recitation' of the knowledge element of contributory infringement" (quoting *Twombly*, 550 U.S. at 555)).

*Second*, as to vicarious infringement, the Complaint does not identify who Baeble supposedly controlled, how that control extended to the alleged infringing activity, or what "direct financial interest" Baeble had in any third-party infringement. *Morel*, 934 F. Supp. 2d at 574. Rather than identify any such facts, the Complaint again parrots the legal elements of the claim, stating in conclusory fashion that Baeble "had the right or ability to control the direct infringement" and had a "direct financial interest in the reproduction, distribution and public display" of the images. Cplt. ¶¶ 45, 47. That is plainly insufficient. *See*, *e.g.*, *New London Assocs.*, 384 F. Supp. 3d at 410 (dismissing vicarious infringement claim where complaint only made "several conclusory allegations regarding the [defendant's] ownership and control over [the third-party infringers]").

Plaintiff's contributory and vicarious liability claims are not saved because Plaintiff attempted to plead them as "alternative theor[ies]" to its direct infringement claims.  Cplt. ¶¶ 41, 50. "[T]he ability to plead in the alternative does not obviate the need for each of [Plaintiff's] allegations to be 'plausible on its face.'"  *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 468–69 (S.D.N.Y. 2014) (quoting *Twombly*, 550 U.S. at 570); *see also TechnoMarine SA v. Jacob Time, Inc.*, No. 12 CIV. 0790 KBF, 2012 WL 2497276, at *2 (S.D.N.Y. June 22, 2012) ("While a plaintiff may assert claims in the alternative, doing so does not relieve it of its burden to raise a reasonable expectation that discovery will reveal evidence of illegality for each claim asserted.") (internal marks and citation omitted).

If the Court grants Baeble's motion with respect to Counts II and III, Baeble will reserve the right to seek an award of attorney's fees against Plaintiff, as Plaintiff's counsel was advised several times of the deficiencies in these claims ahead of time, but Plaintiff forced Baeble to waste time and resources briefing the issue nonetheless.

## II.     THE COMPLAINT FAILS TO STATE A SECTION 1202 CLAIM

To prevail on a cause of action under § 1202(b) of the Copyright Act, Plaintiff must establish the existence of CMI on the Aguilera Photos as published by Plaintiff, and must establish that Baeble "intentionally remove[d] or alter[ed]" the CMI with the knowing intent to "induce, enable, facilitate, or conceal an infringement" of copyright.  17 U.S.C. § 1202(b).  Because Plaintiff does not plausibly allege either element, this claim should be dismissed.

While Plaintiff states in conclusory fashion that, "[u]pon information and belief," Baeble removed copyright management information included in Plaintiff's display of the Aguilera Photos (Cplt. ¶ 55), Plaintiff never identifies the purportedly removed CMI as originally displayed by Plaintiff (and certainly does not include a screen capture or other proof thereof).  On the contrary,

Plaintiff fails to include any visual depiction of its original display(s) of the Aguilera Photos with CMI; instead, Plaintiff annexes a screenshot from an unaffiliated website showing purported metadata associated with the images.  Cplt. ¶ 54, Ex. D.

Moreover, Plaintiff fails to identify the exact CMI that it purportedly displayed, and in what form it was displayed.  Plaintiff's allegation that it "included [CMI] in the form of metadata in his [sic] display[,]" of the Aguilera Photos (*id.*) is insufficient. *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 2992663, at *17 (S.D.N.Y. July 14, 2017) (explaining that the terms "metadata" and "CMI" are not interchangeable; photo metadata often includes information that does not qualify as CMI).  *See also United States v. Post*, 997 F. Supp. 2d 602, 603 (S.D. Tex. 2014) ("In digital photos, metadata typically includes 'the date and time the photo was taken; camera settings, such as aperture and shutter speed; manufacturer make and model ... and – in the case of smartphones – the GPS coordinates of where the photo was taken.").  Plaintiff's failure to produce evidence of how the CMI originally appeared in the display of the Aguilera Photos, as compared to Baeble's display of same, is fatal to its Section 1202 claim. *See Vcom Int'l Multi-Media Corp. v. Gluck*, No. CV 14-3398, 2017 WL 1137442, at *8 (D.N.J. Mar. 27, 2017) (dismissing Section 1202 claim where "Vcom failed to produce evidence of its Websites in their original form and the modified screenshots of those Websites as they appeared on Gluck's personal webpage.").

Additionally, Plaintiff fails to allege that Baeble's purported "removal" of such unidentified CMI was done with the requisite intent.  Section 1202(b) requires a showing that the defendant had "reasonable grounds to know" that its acts "will induce, enable, facilitate, or conceal an infringement[.]"  17 U.S.C. § 1202(b).  The mental state element in Section 1202(b) requires a more specific application than the mere universal possibility of encouraging infringement; specific

allegations as to how identifiable infringements "will" be affected are necessary. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018), *cert. denied*, 203 L. Ed. 2d 208 (2019). The court in *Stevens* opined:

> In short, to satisfy the knowledge requirement, a plaintiff bringing a Section 1202(b)(1) claim must offer more than a bare assertion that "when CMI metadata is removed, copyright infringement plaintiffs . . . lose an important method of identifying a photo as infringing." Instead, the plaintiff must provide evidence from which one can infer that future infringement is likely, albeit not certain, to occur as a result of the removal or alteration of CMI.

*Id.* at 675. Under this standard, a plaintiff must plead not only that specific CMI was removed (which Plaintiff fails to do), but also that removal of that specific CMI decreased the likelihood of Plaintiff being able to police infringement. *Id.* The Complaint here falls short: Plaintiff alleges that Baeble removed *metadata*, not visible CMI, from the Aguilera Photos (Cplt. ¶ 54), to "conceal its infringement of Plaintiff's copyrights[,]" but does explain how the removal of such metadata would make it more difficult for him to locate purported infringements or would make future infringements more likely. Cplt. ¶¶ 56, 57. Perhaps this is because he cannot, as metadata is not of "any practical significance . . . in policing copyright infringement of an image." *Stevens*, 899 F.3d at 675.

## <u>CONCLUSION</u>

For the reasons stated herein, Baeble respectfully requests that the Court grant Baeble's motion for judgment on the pleadings, dismissing Plaintiff's claims for contributory copyright infringement, vicarious copyright infringement, and violation of Section 1202 of the DMCA in their entirety, with prejudice.

Respectfully Submitted,

Dated: New York, New York
      October 24, 2019

COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP

By:  /s/ Nancy E. Wolff
     Nancy E. Wolff
     Scott J. Sholder
     Lindsay R. Edelstein
     41 Madison Avenue, 38th Floor
     New York, New York 10010
     Tel: (212) 974-7474
     Fax: (212) 974-8474
     nwolff@cdas.com
     ssholder@cdas.com
     ledelstein@cdas.com

*Attorneys for Defendant Baeble Media, LLC*